IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC., and COSTAR GROUP, INC.,<br><br>          Plaintiffs,<br><br>v.<br><br>COPIER COUNTRY NEW YORK, LLC., and DUMANN REALTY,<br><br>          Defendants. | Civil Action No. 8:08-cv-3469-RWT |

**COSTAR'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION,
<u>FOR IMPROPER VENUE, AND/OR TO TRANSFER VENUE</u>**

Plaintiffs CoStar Realty Information and CoStar Group, Inc. (collectively, "CoStar"), by their attorneys, submit this Opposition to Defendants Copier Country New York LLC and Dumann Realty's (collectively, "Defendants") Motion to Dismiss for Lack of Personal Jurisdiction, For Improper Venue and/or to Transfer Venue [D.E. 16], and to the memorandum of in support thereof [D.E. 17]. For the reasons set forth below, Defendants' motion should be denied in its entirety.

**<u>INTRODUCTION AND SUMMARY</u>**

Given the Court's familiarity with the issues presented by Defendants in this motion from the Court's recent decision in *CoStar Realty Information, Inc. v. Bill Jackson & Associates Appraisers, Inc.*, Case No. 08-cv-2767-RWT [D.E. 34], CoStar's Opposition will be brief. As in the *Bill Jackson* case (and the other cases pending before the Court), this lawsuit arises from CoStar's allegations that a licensed CoStar subscriber,

Copier Country New York LLC ("Copier Country"), provided unlawful access to CoStar's products to a non-subscriber, Dumann Realty. As in *Bill Jackson* (and in the *Meissner*[1] and *Field*[2] cases decided by Judges Chasanow and Williams, respectively), the Defendants have moved for dismissal for lack of jurisdiction and/or a transfer of venue. And, as in those cases, jurisdiction and venue are appropriate given the forum selection clause that the Defendants agreed to prior to using CoStar's services – the very same forum selection clause that was at issue in those cases. Accordingly, as in *Bill Jackson, Meissner* and *Field,* Defendants' motions should be denied.[3]

**The Court Has Personal Jurisdiction Over Defendants:** Personal jurisdiction exists over Defendants because, they <u>specifically consented to the Court's jurisdiction and the District of Maryland as a venue</u>. Defendant Copier Country specifically consented to jurisdiction in Maryland as a part of its written contract with CoStar; Defendant Dumann Realty clicked "I Accept" to CoStar's Terms of Use, which contained a forum and venue selection clause and consent to jurisdiction in this Court. *See* D.E. 1, Complaint at ¶¶ 16, 20 24, 26; *see also* Ex. A, Declaration of Steven J. Williams ("Williams Decl.") at ¶¶ 3-5 and Exhibits 1 & 2 thereto. It is beyond dispute at this point that such forum selection clauses are enforceable. *See Koch v. America Online, Inc.*, 139 F. Supp. 2d 690, 693-95 (D. Md. 2000) (enforcing forum selection clause against plaintiff who clicked button on screen labeled "Agree" to indicate agreement with defendant's

---

[1] *CoStar Realty Information, Inc. v. Meissner*, No. DKC-08-2766, -- F. Supp. 2d --, 2009 WL 750216 (D. Md. Mar. 16, 2009).
[2] *CoStar Realty Information, Inc. v. Field*, No. AW-08-663, -- F. Supp. 2d --, 2009 WL 841132 (D. Md. Mar. 31, 2009).
[3] Counsel for CoStar provided counsel for Defendants with citations to the *Meissner* and *Field* decisions and informed counsel of the Court's decision in the *Bill Jackson*.

Terms of Service). Accordingly, the Court has personal jurisdiction over Copier Country and Dumann Realty.

Moreover, even if Defendants had not specifically consented to jurisdiction in Maryland, their tortious activity – illegal access to CoStar's password-protected services – occurred in Maryland, where CoStar's computers and Internet servers are located. *See* D.E. 1, Complaint at ¶¶ 1, 2, 23-24, 27-28; Williams Decl. at ¶¶ 7-8. Thus, under black-letter law providing that jurisdiction lies where a tort is committed and where a defendant has "purposefully directed" its activities towards Maryland, this Court has personal and specific jurisdiction over Defendants because of their tortious conduct in Maryland. *See Cole-Tuve, Inc. v. Amer. Machine Tools Corp.*, 342 F. Supp. 2d 362, 370 (D. Md. 2004).

**The District of Maryland Is the Proper Venue for this Case:** As noted with respect to the personal jurisdiction of this Court over Defendants, Copier Country specifically agreed to a license agreement with CoStar, and Dumann Realty agreed to CoStar's Terms of Use, both of which select this Court as the venue for any disputes between the parties. As such, their motion to dismiss for improper venue and their transfer motion should be denied outright. Moreover, even if a full analysis were conducted under the standards of Section 1404(a), the convenience of the parties and the interest of justice strongly favor Maryland as a proper venue for this case.

## FACTUAL BACKGROUND

Headquartered in Maryland, CoStar is a leading, national, commercial real estate information services provider. *See* D.E. 1, Complaint at ¶¶ 1-2, 10. This case arises out of the unauthorized access to CoStar databases by Dumann Realty, through use of Copier Country's password. Compl. ¶¶ 21-28.

CoStar's suite of proprietary, web-accessed information services help commercial real estate professionals, such as brokers, owners, lenders, appraisers, and REITs, to understand market conditions and identify and evaluate specific opportunities. *Id*. at ¶¶ 10-11. CoStar invests enormous effort and expense in building and maintaining its services, employing a research force of several hundred individuals located in Maryland alone. *See id*. CoStar's computer servers, which host its database, are house in Bethesda, Maryland. Williams Decl. at ¶ 8. CoStar licenses its products to businesses pursuant to written license agreements. D.E. 1, Complaint at ¶¶ 12-13.

Copier Country executed a license agreement with CoStar in October, 2007. Williams Decl. Ex. 1. That agreement contains a forum selection clause. *See id.* at ¶ 17. Paragraph 17 reads, in pertinent part:

> Licensee irrevocably consents to the jurisdiction of the federal and state courts located in the State of Maryland, or in any State where Licensee's Authorized Users are located, for any action brought against Licensee in connection with this Agreement or use of the Licensed Product.

Concurrent with issuing a license, the licensee and CoStar identify the persons to be "Authorized Users" for the licensee. An "Authorized User" is an individual who is either employed by, or an independent contractor of, a party who has entered into a license agreement with CoStar and who is identified as a user in the license agreement. Williams Decl., Ex. 2 (Terms of Use) at 1; D.E. 1, Complaint at ¶ 14. Authorized Users are provided with user identifications and passwords and are given authorization for internet-based access to CoStar's databases within the terms of the user's specific license. D.E. 1, Complaint at ¶ 14.

When logging on to CoStar's website, users must input a valid user identification and password at the "Subscriber Login Area," which contains prominent notices advising

4

the user that "By logging in you are agreeing to CoStar's <u>terms of use</u>." *Id*. at ¶ 15. Users must also scroll through and "accept" the applicable online Terms of Use the first time that they use the product as well as at periodic intervals thereafter. *Id*. Furthermore, a warning appears at the bottom of the CoStar homepage that reads: "By using this site, you agree to our <u>Terms of Use</u>." *Id*. By clicking on the underlined phrase, the user can view the Terms of Use. *Id*.

The Terms of Use contain the definition of an "Authorized User," that is, an individual who is identified in a license agreement between CoStar and another party. Williams Decl., Ex. 2 (Terms of Use) at 2. It is undisputed that, unlike Copier Country, which did have a license agreement with CoStar, Dumann Realty did not have a current license agreement with CoStar. Thus, any accesses to CoStar's protected databases by Dumann Realty with the usernames and passwords obtained from Copier Country were not authorized under the provisions of the Terms of Use.

CoStar keeps internal records of each log-in session made to its products. Williams Decl. at ¶ 4. CoStar's records show that the same Internet addresses associated with Dumann Realty's prior, *licensed*, access to CoStar were being used to access the Copier Country account. Those Internet addresses, using usernames and passwords assigned to Copier Country, logged on to CoStar's website 1146 times, spending 566.27 hours online with over 270,000 page hits. Williams Decl. at ¶ 5; Ex. 3 (record of log-ins).

As alleged in the Complaint, in order to access CoStar's services, Dumann Realty was required to indicate its acceptance of CoStar's Terms of Use when it first logged into CoStar's website, as well as at periodic intervals thereafter. *See id*. at ¶ 15; Williams

5

Decl. at ¶ 3. Moreover, each subsequent time Dumann Realty logged into CoStar's website, it was presented with a prominent notice advising him that "By using this site, you are agreeing to CoStar's terms of use." *Id.* ¶ 15. CoStar's Terms of Use provide that the user "irrevocably consent[s] to the jurisdiction of the federal and state courts located in the State of Maryland . . . for any action brought against you in connection with these Terms of Use or Use of the Product." Williams Decl., Ex. 2 (Terms of Use) at 4.

## LEGAL STANDARDS

**1.** **Personal Jurisdiction.** A federal district court may exercise personal jurisdiction over a non-resident defendant where an applicable state long-arm statute confers jurisdiction and the assertion of that jurisdiction is consistent with constitutional due process. *Stratagene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 768 (D. Md. 2004) (citing *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993)). Because the Maryland legislature designed its long-arm statute to extend personal jurisdiction to the limits allowed by federal due process, "the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one." *Ciena Corp. v. Jarrard*, 203 F.3d 312, 317 (4th Cir. 2000) (citation and quotations omitted). Under the due process clause of the Fourteenth Amendment, defendants are subject to a court's jurisdiction if they have had sufficient minimum and purposeful contacts with Maryland that gave rise to the suit. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985).

"When the Court rules on a motion to dismiss for lack of personal jurisdiction without the benefit of an evidentiary hearing, the plaintiff's burden is 'simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the

jurisdictional challenge.' The Court, however, must construe all relevant pleadings and inferences in favor of the plaintiff." *Baker & Kerr, Inc. v. Brennan*, 26 F. Supp. 2d 767, 769 (D. Md. 1998) (Williams, J.).

  **2.**   **Proper Venue/Motion to Transfer Venue.**

Venue for claims asserted under the Copyright Act is proper in the district where the defendant "may be found." 28 U.S.C. § 1400(a). It is "widely accepted that a defendant is found within the meaning of Section 1400(a) wherever the defendant is . . . subject to personal jurisdiction." Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, 15 *Federal Practice and Procedure* § 2819 (2008).

The standards for transfer under § 1404 are: "(1) the transferee court must be a court in which the action could have been brought initially; (2) the transfer must be convenient to the parties and witnesses; and (3) the transfer must be in the interest of justice." *Mamami v. Sanchez de Lozada Sanchez Bustamante*, 2008 WL 1752985 at *2 (D. Md. Apr. 15, 2008). In deciding a motion to transfer venue under § 1404(a), the court must "weigh in the balance a number of case-specific factors." *Id.* (citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239 (1988)). In deciding a motion to transfer, courts are to weigh the following factors: (1) the weight accorded to plaintiff's choice of forum; (2) witness convenience and access; (3) convenience of the parties; and (4) the interests of justice. *Cross v. Fleet Reserve Ass'n Pension Plan,* 383 F. Supp. 2d 852, 856 (D. Md. 2005). However, unless the balance of factors "is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight Inc.,* 748 F.2d 916, 921 (4th Cir. 1984). The decision whether to

transfer venue is committed to the sound discretion of the trial court. *See Brock v. Entre Computer Centers, Inc.,* 933 F.2d 1253, 1257 (4th Cir. 1991).

## ARGUMENT

I. **Personal Jurisdiction Over Defendants Is Appropriate Because They Consented to Jurisdiction in Maryland and Because They Directed Their Tortious Activity at Maryland**

   A. **As Set Forth in the Amended Complaint, Defendants Have Consented to This Court's Jurisdiction**

As CoStar alleges in its Complaint, Defendants have specifically consented to the Court's jurisdiction. CoStar's forum selection clause has been specifically upheld by this Court, as well as by each of the other Judges in this District, as a valid basis for asserting jurisdiction. *See CoStar Realty Information, Inc. v. Bill Jackson & Associates Appraisers, Inc.*, No. RWT 08-cv-2767, Order dated April 29, 2009 [D.E. 34]; *CoStar Realty Information, Inc. v. Meissner*, No. DKC-08-2766, -- F. Supp. 2d --, 2009 WL 750216 (D. Md. Mar. 16, 2009). *CoStar Realty Information, Inc. v. Field*, No. AW-08-663, -- F. Supp. 2d --, 2009 WL 841132 (D. Md. Mar. 31, 2009); Ex. B, Transcript of Hearing Before Judge Messitte, *CoStar Realty Information, Inc. v. Atkinson Hunt*, Case No. PJM 06-655 (August 28, 2006) ("Atkinson Tr.") at 37-44.

In this case, Defendant Copier Country executed a written license agreement with CoStar that contains a forum selection clause by which Copier Country consented to jurisdiction in Maryland. *See* Williams Decl. at Ex. 1.

Defendant Dumann Realty has consented to the jurisdiction and venue of Maryland by accepting CoStar's Online Terms of Use. Each person who uses a CoStar user name and password on CoStar's website for the first time is presented with a copy of

CoStar's online Terms of Use and is asked to click "I Accept" to those terms before using CoStar's service. D.E. 1, Complaint at ¶ 15; Williams Decl. ¶ 3. Furthermore, each user is periodically required to click "I Accept" to CoStar's Terms of Use, further indicating his or her assent. *See id*. CoStar's records show that Dumann Realty logged on to CoStar's website on at least 1146 occasions for a total of 566.27 hours, involving "hits" to 270,000 pages on the CoStar website, and accordingly would have had to indicate his or her acceptance to CoStar's Terms of Use. Williams Decl. at ¶¶ 4-5; *see also id*. at Ex. 3 (record of log-ins). The kind of assent that Dumann Realty would have had to have made to use CoStar's services is sufficient for the purposes of Maryland contract law. *See*, *e.g.*, *CoStar Realty Information, Inc. v. Field*, No. AW-08-663, -- F. Supp. 2d --, 2009 WL 841132 at *5-6 (D. Md. Mar. 31, 2009).

The Terms of Use state:

**Jurisdiction**

CoStar is headquartered in the State of Maryland of the United States. These Terms of Use and your use of this Product shall be governed by the laws of the State of Maryland without regard to its conflicts of laws principles. The federal and state courts located in the State of Maryland shall be the exclusive jurisdiction for any action brought against CoStar in connection with these Terms of Use or use of the Product. You irrevocably consent to the jurisdiction of the federal and state courts located in the State of Maryland, and to the jurisdiction of the federal and state courts located in any State where you are located, for any action brought against you in connection with these Terms of Use or use of the Product. . . .

Williams Decl. at Ex. 2 (Terms of Use) at 11 (emphasis added). The forum selection clause in the license agreement between Copier Country and CoStar has virtually identical language:

Choice of Law; Jurisdiction; International Arbitration. This Agreement shall be construed under the laws of the State of Maryland of the U.S. without regard to choice of law principles. The federal and state courts

9

> located in the State of Maryland shall be the exclusive jurisdiction for any action brought against CoStar in connection with this Agreement or use of the Licensed Product. Licensee irrevocably consents to the jurisdiction of the federal and state courts located in the State of Maryland, or in any State where Licensee's Authorized Users are located, for any action brought against Licensee in connection with this Agreement or use of the Licensed Product. . . .

*Id.*, Ex. 3 at 4. It cannot be disputed at this point that CoStar's forum selection clause is valid and an appropriate basis upon which this Court can exercise personal jurisdiction. *See*, *e.g., CoStar Realty Information, Inc. v. Bill Jackson & Associates Appraisers, Inc.*, Case No. 08-cv-2767 [D.E. 34]; *CoStar Realty Information, Inc. v. Field*, 2009 WL 841132 at *5-6; *CoStar Realty Information Inc. v. Meissner,* 2009 WL 750216 at *3-4.

Defendants attempt to argue that CoStar's forum selection clause should not be enforced because it is "within a boilerplate contract, written in a small font, single spaced." D.E. 16 at 5. Their argument fails. The use of a form contract, "even by a party with superior bargaining power, does not necessarily make a forum selection clause unenforceable." *Koch*, 139 F. Supp. 2d at 695 (citing, *inter alia*, *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590 (1991)). The general principle is that forum selection clauses are enforceable unless they are unreasonable. *M/S Bremen*, 407 U.S. at 10. Defendants have not made any argument nor produced any evidence that CoStar's forum selection clause is unreasonable.

Because Defendants do not provide the Court with any reason not to honor the forum selection clause of CoStar's Terms of Use, the clause should be honored and their motion should be denied.

### B. Personal Jurisdiction Over Defendants Is Appropriate Because They Have Committed Tortious Acts In Maryland and Have Purposefully Directed Their Tortious Conduct at Maryland

Even if there were some reason not to enforce the forum selection clause – which, as discussed above, there is not – the Court should still find that it may exercise personal jurisdiction over Defendants. It is undisputed that a federal district court may exercise personal jurisdiction over a non-resident defendant where an applicable state long-arm statute confers jurisdiction and the assertion of that jurisdiction is consistent with constitutional due process. *Stratagene*, 315 F. Supp. 2d at 768. Defendants' contacts with Maryland are such that at all times relevant to this case they should have reasonably anticipated being haled into court here. *Id.* (citations omitted).

Defendants should not be permitted to claim that they had no reason to believe that their conduct implicated Maryland jurisdiction. Maryland's long-arm statute confers specific jurisdiction, among other things, where a party transacts business in the state or causes tortious injury in the state. Md. Code Ann. § 6-103(b)(1), (3) and (4). Here, Defendants entered into contracts with CoStar (the license agreement between CoStar and Copier Country, and the Terms of Use between CoStar and each defendant) and Defendants knew they were using CoStar's computers, which are, quite naturally, located in Maryland with CoStar. *See* Williams Decl. at ¶ 8.

As the Court is aware, the fact that a defendant has never set foot in a jurisdiction is not a determining factor in a court's exercise of personal jurisdiction. *Burger King*, 471 U.S. at 476. Rather, the question is whether defendants have directed their activities at forum residents such that they would have fair warning that he might be subject to the forum's jurisdiction. *Id.* at 472 (citations omitted); *Cole-Tuve*, 342 F. Supp. 2d at 370

(foreign defendants who intentionally harm residents of the forum state subject to personal jurisdiction); *Giannaris v. Cheng*, 219 F. Supp. 2d 687, 692-93 (D. Md. 2002) ("strongest factor" in deciding whether personal jurisdiction is based upon business activities directed at forum residents is whether defendant initiated contact with forum residents).

Here, there is little question that Defendants directed their tortious activities at Maryland. Defendants improperly accessed CoStar's Maryland computer servers and directed their improper conduct at CoStar, which is headquartered in Maryland and which suffered damages in Maryland due to their conduct. Williams Decl. ¶ 8. Defendants transacted business in Maryland through Copier Country's execution of the license agreement with CoStar (after specifically reaching out to CoStar's Maryland-based telephone sales operation) and both Defendants accepted the Terms of Use on CoStar's website, thereby forming a contract with CoStar each time they accessed the website. D.E. 1, Complaint ¶ 15; Williams Decl. ¶ 6-7, Ex. 4. Furthermore, Dumann Realty's unauthorized use of CoStar's website (which was facilitated by Copier Country) was intended to cause tortious injury to CoStar in Maryland. Finally, exercise of personal jurisdiction is further supported because of the direct connection that exists between Defendants' Maryland-related activities and CoStar's claims. *See Cole-Tuve*, 342 F. Supp. 2d at 361. Thus, there are ample reasons to exercise personal jurisdiction over Defendants with regard to this lawsuit. *Giannaris*, 219 F. Supp. 2d at 693; *Cole-Tuve*, 342 F. Supp. 2d at 361.

Defendants appear to argue that their activities are not sufficient to subject them to personal jurisdiction in Maryland under *Ottehnheimer Publishers, Inc. v. Playmore,*

*Inc.*, 158 F. Supp. 2d 649 (D.Md. 2001).[4] D.E. 16 at 9-10. But Defendants' argument fails for the same reasons set forth above – their activities did not constitute mere passive transmission of electronic signals or casual contact with Maryland. Rather, Defendants activities were (1) directed into Maryland through their unauthorized, repeated use of CoStar's services and through their acceptance of CoStar's Terms of Use each time they logged on to CoStar's website and (2) intended to engage in business or interactions with CoStar, which is headquartered in Maryland and whose servers are located in Maryland. In sum, the allegations of CoStar's Complaint and the facts set forth in the Williams Declaration are sufficient to support the exercise of jurisdiction over Defendants.

## II. This Court Is the Proper Venue for this Case

### A. Venue is Proper in Maryland

Contrary to Defendants' contention, venue is proper in Maryland, and this case should not be dismissed for improper venue under Fed. R. Civ. P. 12(b)(3). As an initial matter, venue for claims asserted under the Copyright Act is proper in the district where the defendant "may be found." 28 U.S.C. § 1400(a). It is "widely accepted that a defendant is found within the meaning of Section 1400(a) wherever the defendant is . . . subject to personal jurisdiction." Wright, *et al.*, 14D *Federal Practice and Procedure* § 2819. Because, as explained above, exercise of personal jurisdiction in

---

[4] In *Otthenheimer*, the Plaintiff did not rely on the forum selection clause between the parties as a basis for asserting jurisdiction. Instead, the Plaintiff relied solely on the effects test of *Calder v. Jones*. In addition, in *Ottenheimer*, the defendants' contacts with Maryland were not connected to the plaintiff's claims. 219 F. Supp. 2d at 651-52, 654-55. In contrast, in this case Defendants' contacts with Maryland, namley their unauthorized uses of CoStar's web services, are directly connected to CoStar's claims. *See Burger King*, 471 U.S. at 476 n. 18 (even one contact may be sufficient to establish jurisdiction, if the action arises out of that contact).

Maryland over Defendants is proper, venue is also proper in Maryland for all the same reasons set forth above. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1097 (C.D. Cal. 2003). Moreover, an action, such as this one, in which jurisdiction is based upon federal question jurisdiction, may be brought in a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2); *see Shropshire v. Fred Rappaport Co.*, 294 F. Supp. 2d 1085, 1094 (N.D. Cal. 2003) (holding venue for copyright claim was proper under § 1391(b)). That Defendants are physically located in New York is not determinative – the illegal access to CoStar's password-protected services and copyrighted photographs occurred in Maryland, where CoStar's computers and internet servers are located. *See* Williams Decl. ¶ 8. Venue is therefore proper in this Court, and this case should not be transferred or dismissed on venue grounds.[5]

### B. Defendants' Motion for a Venue Transfer Should Be Denied Because This District Is the Most Appropriate Forum to Litigate This Action

Defendants' motion for a transfer of venue should be denied because the factors considered under § 1404 weigh decidedly against transfer. *Dow v. Jones*, 232 F. Supp. 2d 491, 499 (D. Md. 2002) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)) (unless the balance is strongly in favor of transfer, the plaintiff's choice of forum will rarely be disturbed). In weighing whether to transfer under § 1404, courts consider: "1) the weight accorded the plaintiff's choice of venue; 2) witness convenience and access;

---

[5] It is CoStar's position that venue for a claim arising under the Copyright Act is proper under both 28 U.S.C. § 1391, as it alleges in its Complaint (¶ 7), and under 28 U.S.C. § 1400(a). If the Court wishes, CoStar can readily submit an amended complaint that includes 28 U.S.C. § 1400(a) as an additional basis for venue.

3) convenience of the parties, and 4) the interest of justice." *Cross v. Fleet Reserve Assoc. Pension*, 383 F. Supp. 2d 852, 856 (D. Md. 2005) (citing *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615 (D. Md. 2002)).

### 1. The Forum Selection Clause Mandates That This Case Be Heard in Maryland.

As noted in detail above, Defendants specifically consented to the jurisdiction of the state and federal courts of Maryland by accepting CoStar's Terms of Use, and, in Copier Country's case, by entering into the license agreement with CoStar. Accordingly, Defendants motion to transfer should be denied on the grounds of the existence of that forum selection clause, which waives any right he would have to challenge the convenience of Maryland as a forum. *See, e.g.*, *Capital Source Finance, LLC v. Delco Oil, Inc.*, 2007 WL 3119775, *10-11 (D. Md. Sep 17, 2007); *Davis Media Group, Inc v. Best Western Intl., Inc.*, 302 F. Supp. 2d 464, 470 (D. Md. 2004) (enforcing forum selection clause in context of motion to transfer venue to protect the parties' legitimate expectations).

### 2. CoStar's Choice of Forum Is Entitled to Substantial Weight.

A plaintiff's choice of forum is entitled to substantial weight by a court in determining whether transfer is appropriate under § 1404. *Cross*, 383 F. Supp. 2d at 856. This is especially true where, as here, events giving rise to the litigation took place in the forum. *Cole-Tuve*, 342 F. Supp. 2d at 370 (plaintiff's choice of forum accorded "considerable weight" where defendant's online activities giving rise to litigation affected plaintiff's business in Maryland). Here, Defendants' unlawful use of CoStar's services directly affected CoStar's business in Maryland requiring that substantial deference be paid to CoStar's choice of forum.

### 3. The Inconvenience to CoStar, its Witnesses, and Other Parties Weighs against Transfer.

Also to be considered by the Court in determining whether to transfer is the convenience of the parties and the witnesses. CoStar and its witnesses will suffer inconvenience if required to travel to New York to litigate this case. As detailed in the Declaration of Steve Williams, CoStar and all the witnesses that may testify in this litigation reside in New York and will be inconvenienced by litigation in new York. *See* Ex. A, Williams Decl. at ¶ 8; *Cole-Tuve*, 342 F. Supp. 2d at 370 (courts will not impose burden of litigating in an different forum upon a plaintiff where only connection with proposed transferee forum is that defendants reside there). At the very least, the convenience issue is "a wash" between the parties which weighs in favor of keeping this case in Maryland. *Choice Hotels Intl., Inc. v. Madison Three, Inc.*, 23 F. Supp. 2d 617, 622 (D. Md. 1998) (denying transfer and reasoning that "there has been no substantial showing by defendant that a transfer . . . would do anything other than shift the greater burden and inconvenience of trial from defendants to plaintiffs, which is not a proper purpose of a transfer of venue.").

Finally, out of respect for convenience to Defendants, CoStar is willing to offer to take any deposition of Defendants and their witnesses near their places of business.

### 4. The Interests of Justice Weigh Against Transfer.

Courts also look to the interests of justice on a § 1404 motion which encompasses "all those factors bearing on transfer that are unrelated to convenience of witnesses and parties." *Cross*, 383 F. Supp. 2d at 857 (quoting *Sheet Metal Workers Fund v. Baylor Heating and Air Conditioning, Inc.*, 702 F. Supp. 1253, 1260 (E.D. Va. 1988)). These factors include, as is relevant here, a court's familiarity with applicable law, the

possibility of an unfair trial or harassment, ease of access to sources of proof and court congestion. *Id.*; *Baylor Heating and Air Conditioning*, 702 F. Supp. at 1260. Weighing these factors, it is plain that transfer is not warranted.

First, the parties' agreement calls for application of the state law of this forum – Maryland law. Second, there is no allegation that Defendants will receive and unfair trial or be harassed by litigating in Maryland. Third, this case centers around CoStar's database services and its contract with Defendants, all of which are located in and administered in Maryland. As such, many of the relevant documents are to be found in Maryland. *See* Williams Decl. at ¶ 8. The interests of justice weigh heavily against transfer.

## **CONCLUSION**

For the foregoing reasons, CoStar respectfully requests that Defendants motion to dismiss or, in the alternative, for a venue transfer pursuant to 28 U.S.C. § 1404 be denied.

Dated: May 11, 2009            Respectfully submitted,

        /s/
Shari Ross Lahlou, Bar. No. 16570
William J. Sauers, Bar No. 17355
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
Email: slahlou@crowell.com
           wsauers@crowell.com

*Attorneys for Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document was served upon the attorneys of record by electronically filing the document with the Clerk of Court using the CM/ECF system, which caused a Notice of Electronic Filing (NEF) to be sent to the following on May 11, 2009:

R. Thomas Radcliffe, Jr. (Bar #4523)
DeHay & Elliston LLP
36 South Charles Street, Ste 1300
Baltimore, Maryland 21201
410-783-7225 (phone)
410-783-7221 (facsimile)
rtr@dehay.com

*Attorneys for Defendants Copier*
*Country New York, LLC and*
*Dumann Realty, [LLC]*

I further certify that a true copy of the above document was sent to the following via electronic mail on May 11, 2009:

Philip P. Foote, Esq.
General Counsel
Dumann Realty, LLC
235 West 23rd Street, 5th Floor
New York, NY 10011
Tel:   (212) 505-6300 x 238
Fax:   (212) 505-6444
Email: pfoote@dumann.com

      /s/
William J. Sauers, Bar No. 17355
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, D.C.  20004-2595
Telephone:  (202) 624-2500
Facsimile:  (202) 628-5116
Email: wsauers@crowell.com
*Attorneys for Plaintiffs CoStar*
*Realty Information, Inc. and CoStar*
*Group, Inc.*