UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC.<br><br>Plaintiffs,<br><br>v.<br><br>COPIER COUNTRY NEW YORK, LLC and DUMANN REALTY<br><br>Defendants. | Civil Action No. 08-CV-3469-RWT |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION, FOR IMPROPER VENUE, AND/OR TO TRANSFER VENUE**

Defendants Copier Country New York, LLC and Dumann Realty, [LLC] (hereafter "Defendants"), submit the following Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction, For Improper Venue, and/or to Transfer Venue ("Motion to Dismiss"). For the reasons set forth below, Defendants' Motion should be granted.

**INTRODUCTION**

Defendants assert, pursuant to Fed.R.Civ.P.12(b)(2), that this Court lacks personal jurisdiction over both Defendants or, in the alternative, venue should be transferred to the United States District Court for the Southern District of New York. It is undisputed that Defendants own no property, conduct no business, and have no offices in the State of Maryland. Defendants have no contacts with any persons or entities in the State of Maryland, have no agents for receipt of service of process in the State of Maryland, and do not derive any income from any clients or

1

businesses in the State of Maryland. Defendants are New York limited liability companies with their principal and only places of business in New York, New York. Defendants' rely and incorporate as though set forth herein, the arguments established in its initial motion and memorandum.

**OBJECTIONS TO PLAINTIFF'S RESPONSIVE EVIDENCE**

1. Defendants object to Plaintiffs' inclusion of their Exhibit B, a transcript from CoStar Realty Information, Inc. v. Atkinson Hunt, Civil Action No. PJM 06-655, before the Honorable Peter J. Messitte. The transcript is hearsay and Judge Messitte's ruling does not serve as binding precedent on this Court.

2. Defendants object and move to strike paragraph five of the declaration of Steven J. Williams because it is conclusory, speculative, and inadmissible. Plaintiffs cannot rely on their pleadings but must, by affidavit or otherwise, set forth specific facts demonstrating that the Court has jurisdiction. Theunissen v. SID Matthews, 935 F.2d. 1454, 1458 (6th Cir. 1991). When considering the affidavits, the court should not "credit conclusory allegations or draw farfetched inferences." Masselli & Lane, PC v. Miller & Schuh, PA, 2000 U.S.App.LEXIS 11932, *4 (4th Cir. May 30, 2000); Ticketmaster-New York, Inc. v. Alioto, 26 F.3d. 201, 203 (1st Cir. 1994).

3. The Williams' declaration is Plaintiffs' only evidence showing Defendants agreed to CoStar's terms and conditions but, other than offering the unsupported allegation that Defendants agreed to CoStar's terms and conditions, the declaration (1) fails to positively identify the IP addresses as owned by one of the Defendants and (2) fails to positively identify the person or entity who actually accessed the CoStar website. Because Plaintiffs' declaration is conclusory, speculative, and provides no evidence that any Defendant agreed to CoStar's terms

and conditions, it should not be considered and Defendants' Motion to Dismiss should be granted.

**DISCUSSION**

In their responsive brief, Plaintiffs argue that this Court has jurisdiction over the Defendants under two theories: 1) Defendants consented to the jurisdiction via the forum selection clauses in the contracts and 2) Defendants committed tortious acts in Maryland and have purposefully directed their tortious conduct at Maryland. Plaintiffs' theories do not establish jurisdiction, as discussed below.

**1. Defendants did not consent to jurisdiction in Maryland**

**A. Dumann Realty, LLC**

Plaintiffs' argue that Dumann is subject to the jurisdiction of this Court because it allegedly agreed to the terms and conditions of Plaintiffs' website and thus formed a contract without Dumann's written consent. In the Complaint, Plaintiffs have failed to allege sufficient facts to support their assertion that a contract was ever formed. Specifically, Plaintiffs failed to allege any facts regarding when Dumann supposedly accessed Plaintiffs' website, failed to submit any evidence that Dumann did, in fact, access Plaintiffs' website, and failed to submit any evidence that Dumann agreed to the Terms and Conditions thereof. Under Plaintiffs' allegations, any person or entity could be subjected to the jurisdiction of this court by reason that plaintiffs alleged that he, she, or it visited plaintiffs' website and accepted the terms and conditions found therein.

Plaintiffs attach internal records of CoStar to their Opposition. These records purportedly show the date, time, and password of each log-in session made to its products. The records show

3

log-in sessions that were generated with passwords assigned to Copier Country. Plaintiffs state that the IP addresses listed were associated with Dumann prior to the log-in sessions at controversy. Plaintiffs have not presented any evidence that these IP addresses were owned by Dumann at the time of the alleged improper access. Further, they provided no evidence of the entity that used these IP addresses for this alleged access.

For Dumann to have consented to this Court's jurisdiction, this Court must first find that there was a contract made between CoStar and Dumann. There has been no evidence that Dumann ever actually accepted the terms and conditions on the website, when that acceptance occurred, or by whom that acceptance was made. The only evidence presented as to the existence of this contract is the speculative and conclusory declaration of Steven J. Williams, which only shows log-in sessions under passwords that were properly assigned to Copier Country. There is insufficient evidence of a contract between Dumann and CoStar.

Even if there were evidence that Dumann had accepted CoStar terms of conditions, the forum selection clause is unenforceable. Forum-selection clauses may not be binding upon a nonresident defendant if its "enforcement would be unreasonable, unfair, or unjust." The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1975). Enforcing such a forum selection clause puts virtually all internet users at risk of defending a suit in a far-away judicial district simply for accessing a website. On its face, enforcement of this clause would be unreasonable, unfair, and unjust.

### B. Copier Country New York, LLC

Plaintiffs argue that Copier Country consented to jurisdiction in this District via the forum selection clause of the written contract between CoStar and Copier Country. Plaintiffs argue that within the boilerplate contract, written in small font, single spaced, in the middle of

the paragraph of section 17, that Copier Country did agree to be subjected to the jurisdiction of this Court. (See Agreement, attached as Exhibit C to Defendants' Motion to Dismiss). The agreement was entered into in New York, services offered were for New York Real Estate, and any and all actions in furtherance of the agreement were performed in New York. The alleged tortious actions committed by Copier Country were committed in the state of New York. (See Plaintiffs Complaint). Copier Country should not be subjected to the jurisdiction of this Court based on the facts alleged in Plaintiffs' Complaint. This Court lacks personal jurisdiction over Copier Country because Copier Country has insufficient contacts with Maryland to be hailed into this Court. In an analogous case, this Court refused to extend jurisdiction in a copyright infringement case when there was a choice of law provision in a contract between that was the sole basis for personal jurisdiction. Ottenheimer Publishers, Inc. v. Playmore, Inc., 158 F.Supp.2d 649 (D. Md. 2001).

Plaintiffs' reliance on Field and Meissner is misplaced. CoStar Realty Information, Inc. v. Field, DKC-08-2766, __F.Supp.2d__, 2009 WL 750216 (D.Md. Mar. 16, 2009), CoStar Realty Information, Inc. v. Meissner, No. DKC-08-2766, ___F.Supp. 2d___, 2009 WL 750216 (D.Md. Mar. 16, 2009). The rulings in those cases are not binding precedent upon this Court and are distinguishable from the case *sub judice*.

The Field case also involved allegations of unpermitted access to CoStar products. The Defendants in Field, however, did not dispute that the passcodes were illegally shared by Defendant Alliance and that Defendants Lawson and Gressett illegally accessed the database. Field, 2009 WL 750216 at 3. There has been no such admission in this case. The Field opinion emphasized the fact that both Lawson and Gressett called CoStar for technical support on multiple occasions, used Alliance's name, and represented themselves as users of Alliance's

account. For this reason, the Court held that both Lawson and Gressett were "contractual beneficiaries" of Alliance's written agreement and thus "consented to jurisdiction in Maryland via the forum selection clause located within the written agreement." Id., at 3. No such allegations have been made in this case.

The Court further held that Defendants had sufficient minimum contacts with Maryland:

> CoStar alleges Lawson and Gressett used its services for almost four years, without authorization and in violation of its copyright, causing CoStar harm in Maryland. it can hardly be said that given Lawson's and Gressett's continuous and purposeful use of CoStar's services, active participation in initiating contact with CoStar, holding themselves to be valid users of Alliance's account under the written agreement, and assent to the implied contract authorizing a federal court in Maryland to assert jurisdiction over the Defendants, they lacked the knowledge that they could be subject to suit in Maryland. The Court has personal jurisdiction over Lawson and Gressett due to their transacting business and persistent course of conduct in Maryland.

Id. at 7 (citations omitted)

These contacts in Field are far more substantial than those alleged in the instant case. They occurred over a greater period of time and they were not disputed.

Meissner involved similar facts as Field. Defendant Meissner had contracted for access to a CoStar product. Meissner, 2009 WL 841132 at 1. CoStar discovered that Meissner had shared its password with Arffa and suspended Meissner's access. Id. Thereafter, Mesissner contracted with CoStar to receive access to its product and again shared its password with Arffa. Id. The Court held that the forum selection clause in the written contract with Meissner is enforceable as to Meissner. Id. at 4. The facts demonstrate that Mesissner had actual notice of the risks of sharing its passwords and had a reasonable expectation that doing so could trigger litigation and forum selection clauses in the written contract. Plaintiffs do not allege that defendants had actual notice in this case.

### 2. The District Court Does Not Have General Personal Jurisdiction Over Defendants

Plaintiffs further contend that the Court should exercise personal jurisdiction over defendants because defendants "purposely directed" their alleged tortious activities at Maryland. Plaintiffs argue that, "Defendants knew they were using CoStar's computers which are, quite naturally, located in Maryland with CoStar." See Opposition, at 12. Plaintiffs have offered no evidence that the computers are located in Maryland. The Williams declaration makes no assertion as to the location of the computers in question.

Even if the computers are located in Maryland, Plaintiffs offer no factual or legal basis to support how a claim for breach of contract should hinge on the physical location of some of the computers involved in the alleged breach.

The alleged tortious act at issue in this case was the unlawful sharing of passwords assigned to them. The Complaint does not allege where or when this alleged act occurred, and there is no allegation that the act took place in Maryland. If this sharing of passcodes did occur as alleged, it is more likely to have occurred in New York, where both Dumann and Copier Country are located.

Plaintiffs have presented no evidence that Dumann or Copier Country committed tortuous acts directed at Maryland. In lieu of this evidence, the Defendants' Motion to Dismiss for lack of Personal Jurisdiction should be granted.

### 3. This Court is an Improper Venue for this Action

If the Court does exercise personal jurisdiction, this case should still be moved to the United States District Court for the Southern District of New York.

Plaintiffs claim that venue is "proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District, and a substantial part of the property that is the subject of the action is situated in this District." (Complaint ¶ 7).

The general venue statute, in pertinent part, provides that a "civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); see also 28 U.S.C. § 1400(a) ("Civil actions, suits, or proceedings under any Act of Congress relating to copyrights or exclusive rights in mask, works, or designs may be instituted in the district in which the defendant or his agent resides or may be found."). The Court should note that 28 U.S.C. § 1391(b) does not approve of venue choice based solely on the residency of the Plaintiff. Therefore, there is no factual or legal basis for venue in the United States District Court for the District of Maryland.

A limited liability company, such as the Defendants, is deemed to reside in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). As discussed above, Defendants are not subject to personal jurisdiction in Maryland and are not "residing" within Maryland. Thus, venue is not proper in the District of Maryland.

The second option for venue is in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" or "a substantial part of the property that is

subject of the action is situated." 28 U.S.C. § 1391(b)(2). Although not specifically stated in the Complaint, the vast majority of the events that Plaintiffs claim gives rise to their cause of action occurred in New York. (Exhibits A and B to Defendants' Motion to Dismiss; and, see also Plaintiffs' Complaint at ¶¶ 28-29.) It is undisputed that the alleged physical acts occurred in New York where both defendants are located and also the tangible property that forms the basis of Plaintiffs' Complaint is located. (Exhibits A and B to Defendants' Motion to Dismiss). Under Section 1391(b)(2), New York is the proper venue for this cause of action.

The venue dispute in Field is inapposite here, given that Gressett was a Texas resident and Lawson a Florida resident. The Court determined that the litigation "concerns several Defendants, all from different states, making Maryland as convenient a forum as any other." Field, 2009 WL 841132. at 8. Here, both Copier Country and Dumann, their documents, and their employees reside in New York City. The Southern District of New York is the appropriate and most convenient venue.

In sum, any alleged tort committed by the Defendants were committed in New York, the physical location of the alleged accessing computer, and not directed in any way at Maryland. Id. All personal property and equipment, including defendants' computers, are located within the State of New York. Both defendants are located in New York, most of the witnesses are located in New York, all of the alleged events that gave rise to the litigation allegedly occurred in New York, and neither Dumann nor Copier Country reside in Maryland or "may be found" in Maryland. Venue in a Maryland District Court, under 28 U.S.C. § 1391, is improper and should not be sustained. The complaint should be dismissed for improper venue or should be transferred to the Southern District of New York under 28 U.S.C. § 1404.

# CONCLUSION

Defendants respectfully request that this Court dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction, for Improper Venue or, in the alternative transfer venue to the Southern District of New York and for such other and further relief this Court deems just and proper.

Respectfully submitted,

**DEHAY & ELLISTON, LLP**
*/s /R.  Thomas Radcliffe, Jr.*
R. Thomas Radcliffe, Jr. (Bar #4523)
DeHay & Elliston LLP
36 South Charles Street, Ste 1300
Baltimore, Maryland  21201
410-783-7225 (phone)
410-783-7221 (facsimile)
rtr@dehay.com


*Attorneys for Defendants Copier Country New York, LLC and Dumann Realty, [LLC]*


**OF COUNSEL:**

**LAW OFFICE OF PHILIP P. FOOTE**
Philip P. Foote, Esq.
235 West 23rd Street, Fifth Floor
New York, NY 10011
Tel:     (212) 505-6300 ext. 238
Fax:     (212) 505-6444
Email: pfoote@philipfootelaw.com

# CERTIFICATE OF SERVICE

I hereby certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document and the attached Reply to Plaintiffs' Opposition to Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction, for Improper Venue, and/or TransferVenue, was served upon the attorneys of record by electronically filing the document

with the Clerk of Court using the CM/ECF system, which caused a Notice of Electronic Filing (NEF) to be sent to the following on May 19, 2009:

CROWELL & MORING LLP
Shari Ross Lahlou, Bar No. 16570
Willaim J. Sauers, Bar No. 17355
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004-2595
Tel: (202) 624-2500
Fax: (202) 628-5116
Email: slahlou@crowell.com / wsauers@crowell.com

*Attorneys for Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc.*

I further certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document was sent to the following via electronic mail and first class mail on May 19, 2009:

**LAW OFFICE OF PHILIP P. FOOTE**
Philip P. Foote, Esq.
235 West 23rd Street, Fifth Floor
New York, NY 10011
Tel: (212) 505-6300 ext. 238
Fax: (212) 505-6444
Email: pfoote@philipfootelaw.com

    Respectfully submitted,

    **DEHAY & ELLISTON, LLC**

    */s /R. Thomas Radcliffe, Jr*
    R. Thomas Radcliffe, Jr. (Bar #4523)