**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC.,** | * | |
| Plaintiffs, | * | Case No.: RWT 08cv3469 |
| v. | * | |
| **COPIER COUNTRY NEW YORK, LLC and DUMANN REALTY** | * | |
| Defendants, | * | |

### MEMORANDUM OPINION

Before this Court is a Motion To Dismiss for Lack of Personal Jurisdiction, for Improper Venue, and/or To Transfer Venue filed by Defendants Copier Country New York, LLC ("Copier Country") and Dumann Realty ("Dumann"). Because this Court has personal jurisdiction over Defendants and because the District of Maryland is the proper venue for this case, Defendant's motion is denied.

### BACKGROUND

CoStar Realty Information Inc. and CoStar Group, Inc. (collectively, "CoStar") is a national commercial real estate information services provider incorporated in Delaware with its principal place of business in Bethesda, Maryland. (Compl. ¶¶ 1–2, 10.) CoStar's web-accessed information services help commercial real estate professionals, such as brokers, owners, lenders, and appraisers, to understand market conditions and to identify and evaluate specific opportunities. Id. ¶¶ 10–11. CoStar licenses its products to businesses pursuant to written license agreements. Id. ¶¶ 12–13.

Copier Country, a copier supplier company with its principal place of business in New York City, executed a License Agreement with CoStar on October 2, 2007.  Id. ¶¶ 3, 23–24.  The License Agreement provided two identified authorized users with access to a CoStar database containing information relating to the New York City real estate market.  Id. ¶ 24.  Under Sections 1, 2, and 12 of Copier Country's License Agreement with CoStar, Copier Country agreed, among other things, not to do the following: (a) provide third parties with access to or use of the CoStar database service; (b) sub-license or resell CoStar's information services to others; (c) share the Copier Country-specific identification and password assigned by CoStar; and (d) store , copy, or export any portion of the licensed CoStar database service into any database or other software program, except as explicitly permitted by the CoStar-Resource License Agreement or by express written consent of CoStar.  Id. ¶ 26.

The CoStar-Copier Country License Agreement also contains a forum selection clause, which reads:

> The federal and state courts located in the State of Maryland shall be the exclusive jurisdiction for any action brought against CoStar in connection with this Agreement or use of the Licensed Product.  Licensee irrevocably consents to the jurisdiction of the federal and state courts located in the State of Maryland, or in any State where Licensee's Authorized Users are located, for any action brought against Licensee in connection with this Agreement or use of the Licensed Product.

(Defs.' Mot. Ex.1. ¶ 17.)  In pertinent part, the forum selection clause in the License Agreement states that licensees "irrevocably consent[ ]" to the jurisdiction of the federal courts located in Maryland for any action brought against them in connection with the License Agreement or use of the licensed product.  Id.

Shortly after CoStar provided Copier Country access to CoStar's products, Dumann a realtor with its principal place of business in New York City, accessed CoStar's products using

Copier Country's user identification and password.  Id. ¶ 25.  To gain authorized access to CoStar's restricted information services, Dumann was required to input a username and password at the "Subscriber Login Area."  Id. ¶ 14.  The Subscriber Login Area contains prominent notices advising the user on each occasion of use that "[b]y logging in you are agreeing to CoStar's terms of use."  Id. ¶ 15.  The authorized user must scroll through and "accept" the online Terms of Use upon first use, as well as at periodic intervals thereafter.  Id.  The Terms of Use provide as follows:

> By accessing or using this Site (or any part thereof), you agree to be legally bound by the terms and conditions that follow (the "Terms of Use") as we may modify them from time to time.  These Terms of Use apply to your use of this Site, including the CoStar services and products offered via the Site.  They constitute a legal contract between you and CoStar, and by accessing or using any part of the Site you represent and warrant that you have the right, power and authority to agree to and be bound by these Terms of Use.

(Defs.' Mot. Ex. 2; Compl. ¶ 16.)

> The Terms of Use also provide a forum selection clause, which reads:
>
> The federal and state courts located in the State of Maryland shall be the exclusive jurisdiction for any action brought against CoStar in connection with these Terms of Use or use of the Product.  You irrevocably consent to the jurisdiction of the federal and state courts located in the State of Maryland, and to the jurisdiction of the federal and state courts located in any State where you are located, for any action brought against you in connection with these Terms of Use or use of the Product.

(Defs.' Mot. Ex. 2; Compl. ¶ 20.)  In pertinent part, the forum selection clause in the Terms of Use states that users of CoStar's products "irrevocably consent" to the jurisdiction of the federal courts of Maryland for any action brought against them in connection with the Terms of Use or use of CoStar's products. (Defs.' Mot. Ex. 2.; Compl. ¶ 20.)

On December 29, 2008, CoStar filed a six count complaint, in which it alleges that Copier County breached its License Agreement with CoStar by providing CoStar user names and

passwords to Dumann, id. ¶ 31, and that Dumann breached the Terms of Use agreement by accessing and using CoStar's products without authorization, id. ¶ 34–35. In addition, CoStar alleges that Dumann has infringed CoStar's copyrights by making unauthorized copies of CoStar's databases and photographs, id. ¶ 40, and that Copier Country has contributed to Dumann's copyright infringement by providing Dumann with CoStar's username and password, id. ¶ 47. CoStar further alleges that by fraud and deceit, Copier Country obtained its CoStar license without indicating its intent to provide unauthorized users with usernames and passwords, and Dumann accessed CoStar's database by representing itself as a Copier Country authorized user. Id. ¶ 52–53. Lastly, CoStar alleges that Dumann's access of CoStar's products violated 18 U.S.C. § 1030, which makes fraud in connection with computers a federal offense. Id.

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

On April 16, 2009, Defendants moved to dismiss CoStar's complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Copier Country moves to dismiss on the ground that the forum selection clause in the License Agreement does not provide sufficient contacts with Maryland for this Court to exercise personal jurisdiction. (Defs.' Mot. 5.) Dumann moves to dismiss on the ground that CoStar has failed to allege sufficient facts to support the assertion that Dumann entered into a contract. Id. at 4. Specifically, Dumann contends that CoStar failed to allege any facts regarding when Dumann accessed CoStar's website and failed to submit any evidence that Dumann agreed to the terms and conditions thereof. Id.

CoStar asserts that jurisdiction over both Defendants is proper because they consented to this Court's jurisdiction by agreeing to contracts containing valid forum selection clauses. (Pl.'s

Opp'n 8.) Specifically, CoStar contends that Copier Country and Dumann consented to this Court's jurisdiction by executing the written License Agreement and accepting CoStar's Terms of Use, respectively. Id. In the alternative, CoStar argues that specific jurisdiction over both Defendants is proper because they transacted business and caused tortious injury in Maryland. Id. at 11.

When a court rules on a motion to dismiss for lack of personal jurisdiction without the benefit of an evidentiary hearing, relying solely on the basis of the complaint and affidavits, the plaintiff need only make a prima facie showing of personal jurisdiction. See Comb v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). In determining whether the plaintiff has proven a prima facie case of personal jurisdiction, the district court must construe all relevant pleadings and inferences in favor of the plaintiff. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993).

The question of whether agreement to the forum selection clauses in CoStar license agreements and Terms of Use constitutes consent to the jurisdiction of the District of Maryland has been answered in the affirmative by this Court, as well as by each of the other Judges in this Division of the District of Maryland. See CoStar Realty Info., Inc. v. Bill Jackson & Assocs. Appraisers, Inc., No. 08-cv-2767 (D. Md. Apr. 29, 2009) (Titus, J.); CoStar Realty Info., Inc. v. Meissner, 604 F. Supp. 2d 757 (D. Md. 2009) (Chasanow, J.); CoStar Realty Info., Inc. v. Field, 612 F. Supp. 2d 660 (D. Md. 2009) (Williams, J.); Transcript of Hearing, CoStar Realty Info., Inc. v. Hunt, 06-cv-655 (D. Md. Aug. 28, 2006) (No. 20-3) (Messite, J.). Rather than repeat the lengthy personal jurisdictional analyses in the Meissner and Field opinions, with which the Court agrees, this Court will only briefly summarize the applicable law and facts, which confer this Court with jurisdiction over the Defendants.

Personal jurisdiction is a waivable right, and, accordingly, a litigant may give "express or implied consent to the personal jurisdiction of the court." Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982); see also Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 315–16 (1964) ("[I]t is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court . . . ."). One legal arrangement by which a litigant may expressly consent to personal jurisdiction is a forum selection clause. See Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 281 n.11 (4th Cir. 2009) ("[A] valid forum selection clause . . . may act as a waiver to objections to personal jurisdiction."). The forum selection clause may not be binding upon a nonresident defendant, however, if the nonresident defendant "clearly show[s] that enforcement would be unreasonable and unjust." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). Enforcement is deemed unreasonable and unjust when (1) agreement to the forum-selection clause was induced by fraud or overreaching, (2) enforcement would contravene a strong public policy of the forum in which suit is brought, or (3) trial in the contractual forum will be so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of his day in court. Id. at 12–19.

The Court concludes that Defendants have expressly and/or implicitly consented to the jurisdiction of this Court. The CoStar-Copier Country License Agreement and CoStar's Terms of Use specifically contain provisions authorizing all lawsuits relating to their enforcement to be brought in a federal court in Maryland. (Defs.' Mot. Ex. 2; Compl. ¶ 20.) Copier Country signed the License Agreement, and Dumann scrolled through and accepted the Terms of Use the first time it used CoStar products. (Compl. ¶¶ 15, 25) Even if Dumann neglected to read the Terms of Use the first time it used the product, Dumann was prompted to periodically accept the

6

Terms of Use.  (Compl. ¶ 15.)  Moreover, by using Copier Country's username and password, Dumann has availed itself of the contractual benefits provided by Copier Country's License Agreement with CoStar, which, under a derivative rights theory, may also bind Dumann by the License Agreement's forum selection clause.  See Field, 612 F. Supp. 2d at 669–70.  Under these circumstances, Defendants have consented to this Court's jurisdiction.

The Court disagrees with Defendants' argument that CoStar has failed to allege sufficient facts to support its contention that Dumann agreed to the Terms of Use.  (Defs.' Mot. 4; Defs.' Reply 3.)  CoStar alleged as follows:  "Dumann began to access CoStar's products using COPIER COUNTRY's user names and passwords.  Indeed, CoStar has electronic information indicating that the very same computer network used by DUMANN to access CoStar through its own account has been used to access COPIER COUNTRY's account."[1]  (Compl. ¶ 25.)  CoStar also alleged that a user of its products must scroll through and "accept" the Terms of Use, which constitute a legal contract between the user and CoStar.  (Compl. ¶ 14–16.)  These allegations, the Court concludes, comprise sufficient facts to support CoStar's assertion that Dumann formed a contract with CoStar.

The Court also concludes that CoStar's forum selection clauses are binding upon Defendants.  Defendants have failed to demonstrate that the clauses are invalid or unreasonable.  First, there is no question that the forum selection clauses, which require the licensee and user to "irrevocably consent" to the jurisdiction of a federal court in Maryland, are mandatory.  (Defs.' Mot. Ex. 2; Compl. ¶ 20.)  Second, Defendants have not purported that the forum selection clauses were made by fraud or under duress, and nothing about the execution of the license

---

[1] CoStar's electronic information comprises internal records showing that the same Internet address associated with Dumann's prior licensed access to CoStar logged onto CoStar's website 1146 times, spending 566.27 hours online with over 270,000 page hits.  (Pl.'s Opp'n Ex.3, A ¶ 5.)

agreement or acceptance of the Terms of Use as pleaded suggest that the Defendants did anything but affirmatively consent to the forum selection clauses. Third, Defendants' arguments as to why enforcement of the forum selection clause would be unreasonable are unpersuasive. While the fact that Defendants are located in New York may make litigating the case in Maryland inconvenient, Defendants have not met their heavy burden of demonstrating that enforcement of the clauses would be unreasonable. Therefore, the Court holds that Defendants have waived their objections to personal jurisdiction.[2]

### MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendants have also moved for improper venue under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer venue under 28 U.S.C. § 1404(a). (Defs.' Mot. 11–12.) Defendants argue that New York City, not Maryland, is the proper venue in which to litigate this case because they are not subject to personal jurisdiction in Maryland, a substantial part of the events giving rise to CoStar's claim occurred in New York City, and both Defendants are located in New York City. (Defs. Mot. 11–12.) CoStar asserts that venue is proper in Maryland because the forum selection clauses in the License Agreement and Terms of Use are binding and

---

[2] In the alternative, the Court also concludes for the reasons provided in the Field and Meissner opinions that Defendants conduct satisfies the Maryland long-arm statute and comports with due process. See Field, 612 F. Supp. 2d at 670–72; Meissner, 604 F. Supp. 2d at 765–67. Specifically, the Court finds that Defendants underwent business transactions and caused tortious injury in Maryland when Copier Country executed its License Agreement and when Dumann used CoStar's products without authorization. Those contacts satisfy Maryland's long-arm statute and suffice as "minimum contacts" under the Fourteenth Amendment of the United States Constitution. See Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1), (3), (4) (West 2008); Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945). In addition, the exercise of jurisdiction is both fair and reasonable and, thus, does not "offend traditional notices of fair play and substantial justice." See Asahi Metal Indus. Co. v. Super. Ct. of Cal., 480 U.S. 102, 113 (1987) (quotation marks omitted).

CoStar's password-protected services and copyrighted materials are located in Maryland. (Pl.'s Opp'n 13–14).

As the Court has already explained, the forum selection clauses are valid, and Defendants have not met their heavy burden of demonstrating unreasonableness. See Bremen, 407 U.S. at 10, 15. As a result, the Court enforces the forum selection clause, which designates this District as a proper venue. The Court notes, however, that irrespective of the forum selection clause, this District is a proper venue for this action because CoStar has a made a prima facie showing that a substantial part of the events giving rise to the breach of contract and fraud claims occurred in Maryland, and the copyrighted materials giving rise to the copyright infringement claims are located in Maryland. See 28 U.S.C. § 1391(a)(2) (stating that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"); 28 U.S.C. § 1400(a) (stating that venue is proper for a claim brought under the Copyright Act in any district where the defendant "may be found"); Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004) (noting that plaintiff must make a prima facie showing that venue in the district is proper).

Leaving aside the forum selection clause, "a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In deciding a motion to transfer venue under § 1404(a), the court must weigh a variety of factors, including (1) plaintiff's choice of forum, (2) witness convenience and access, (3) convenience of the parties, and (4) the interests of justice. Cross v. Fleet Reserve Ass'n Pension Plan, 383 F. Supp. 2d 852, 856 (D. Md. 2005). Unless the balance of factors "is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984) (quotation marks omitted). The decision whether to transfer

venue is committed to the sound discretion of the trial court.  <u>Brock v. Entre Computer Ctrs., Inc.</u>, 933 F.2d 1253, 1257 (4th Cir. 1991).

The Court declines to use its discretion to transfer venue from Maryland to New York City.  The Court is not convinced by Defendants' general arguments that because they are located in New York, alongside most of their witnesses, venue should be transferred to the United States District Court for the Southern District of New York.  (Defs. Mot 12.)  As CoStar points out, CoStar and its witnesses will also suffer inconvenience if required to travel to New York City to litigate this case.  (Pl.'s Opp'n 16.)  Having determined that Defendants have not shown that the convenience of the parties and witnesses and interest in justice outweigh CoStar's choice of forum, the Court concludes that transfer is unwarranted.

A short Order will follow this Memorandum Opinion.

                                        /s/
                              ROGER W. TITUS
                         UNITED STATES DISTRICT JUDGE