# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COPIER COUNTRY NEW YORK LLC and COPIER REALTY, <br><br> Defendants. | Civil Action No. RWT 08-CV-3469 |

### COPIER COUNTRY NEW YORK, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant Copier Country New York, LLC, (hereinafter referred to as "Copier"), by and through its undersigned counsel hereby submits this response to Plaintiff's Complaint, and states the following:

### PARTIES

1. Defendant Copier lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Complaint.

2. Defendant Copier lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of the Complaint.

3. Defendant Copier admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant Copier admits the allegation in paragraph 4 in so far as it alleges a principal place of business of 235 West 23rd Street, 5th Floor, New York, New York 10011 and denies the remaining allegation.

1

## JURISDICTION AND VENUE

5. Defendant Copier denies the truth of the allegations contained in paragraph 5 of the Complaint.

6. Defendant Copier denies the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendant Copier denies the truth of the allegations contained in paragraph 7 of the Complaint.

8. Defendant Copier makes no response to Paragraph 8, as same contains no allegations as to Copier, however, should they be so construed, this Defendant denies the same.

9. Defendant Copier denies the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendant Copier lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 of the Complaint.

## BACKGROUND

11. Defendant Copier lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 of the Complaint.

12. Defendant Copier lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12 of the Complaint..

13. Defendant Copier lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendant Copier lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of the Complaint.

15. Defendant Copier lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of the Complaint.

16. Defendant Copier lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the Complaint.

17. Defendant Copier lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendant Copier lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the Complaint..

19. Defendant Copier lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the Complaint.

20. Defendant Copier lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Complaint.

### EVENTS GIVING RISE TO THE LAWSUIT

21. Defendant Copier lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the Complaint.

22. Defendant Copier lacks the knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the Complaint.

23. Defendant Copier denies the truth of the allegations contained in paragraph 23 of the Complaint.

24. Defendant Copier denies the truth of the allegations contained in paragraph 24 of the Complaint

25. Defendant Copier denies the truth of the allegations contained in paragraph 25 of the Complaint

26. Defendant Copier denies the truth of the allegations contained in paragraph 26 of the Complaint

27. Defendant Copier denies the truth of the allegations contained in paragraph 27 of the Complaint

28. Defendant Copier denies the truth of the allegations contained in paragraph 28 of the Complaint

### COUNT I
### BREACH OF CONTRACT BY COPIER COUNTRY

29. Defendant Copier repeats its answers to each and every allegation contained in Paragraph 1 though 28 of the Complaint as if fully set forth at length herein.

30. Defendant Copier denies the truth of the allegations contained in paragraph 30 of the Complaint.

31. Defendant Copier denies the truth of the allegations contained in paragraph 31 of the Complaint.

32. Defendant Copier denies the truth of the allegations contained in paragraph 32 of the Complaint.

## COUNT II
## BREACH OF CONTRACT BY COPIER COUNTRY

33. Defendant Copier repeats its answers to each and every allegation contained in Paragraph 1 though 28 of the Complaint as if fully set forth at length herein.

34. Defendant Copier denies the truth of the allegations contained in paragraph 34 of the Complaint.

35. Defendant Copier denies the truth of the allegations contained in paragraph 35 of the Complaint.

36. Defendant Copier denies the truth of the allegations contained in paragraph 36 of the Complaint.

## COUNT III
## COPYRIGHT INFRINGEMENT BY COPIER COUNTRY

37. Defendant Copier repeats its answers to each and every allegation contained in Paragraph 1 though 28 of the Complaint as if fully set forth at length herein.

38. Defendant Copier denies the truth of the allegations contained in paragraph 38 of the Complaint.

39. Defendant Copier denies the truth of the allegations contained in paragraph 39 of the Complaint.

40. Defendant Copier denies the truth of the allegations contained in paragraph 40 of the Complaint.

41. Defendant Copier denies the truth of the allegations contained in paragraph 41 of the Complaint.

42. Defendant Copier denies the truth of the allegations contained in paragraph 42 of the Complaint.

43. Defendant Copier denies the truth of the allegations contained in paragraph 43 of the Complaint.

## COUNT IV
## CONTRIBUTORY COPYRIGHT INFRINGEMENT BY COPIER COUNTRY

44. Defendant Copier repeats its answers to each and every allegation contained in Paragraphs 1 though 44 of the Complaint.

45. Defendant Copier denies the truth of the allegations set forth in paragraph 45 of the Complaint.

46. Defendant Copier denies the truth of the allegations contained in paragraph 46 of the Complaint.

47. Defendant Copier denies the truth of the allegations contained in paragraph 47 of the Complaint.

48. Defendant Copier denies the truth of the allegations contained in paragraph 48 of the Complaint.

49. Defendant Copier denies the truth of the allegations contained in paragraph 49 of the Complaint.

50. Defendant Copier denies the truth of the allegations contained in paragraph 50 of the Complaint.

## COUNT V
## FRAUD BY COPIER COUNTRY

51. Defendant Copier repeats its answers to each and every allegation contained in Paragraphs 1 though 28 of the Complaint.

52. Defendant Copier denies the truth of the allegations contained in paragraph 52 of the Complaint.

53. Defendant Copier denies the truth of the allegations contained in paragraph 53 of the Complaint.

54. Defendant Copier denies the truth of the allegations contained in paragraph 54 of the Complaint.

# COUNT VI
## VIOLATION BY COPIER OF 18 U.S.C. § 1030:
## FRAUD AND RELATED ACTIVITY IN CONNECTION WITH COMPUTERS

55.  Defendant Copier repeats its answers to each and every allegation contained in Paragraphs 1 though 44 of the Complaint.

56.  Defendant Copier denies the truth of the allegations contained in paragraph 56 of the Complaint.

57.  Defendant Copier denies the truth of the allegations contained in paragraph 57 of the Complaint.

58.  Defendant Copier denies the truth of the allegations contained in paragraph 58 of the Complaint.

59.  Defendant Copier denies the truth of the allegations contained in paragraph 59 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which this Court may grant relief.

### Second Affirmative Defense

The Complaint requests relief to which the Plaintiffs are not entitled.

### Third Affirmative Defense

Setoff or recoupment bars all or part of the Complaint.

### Fourth Affirmative Defense

The allegations and claims set forth in the Amended Complaint are barred, in whole or in part, by the applicable Statute of Limitations.

### Fifth Affirmative Defense

The relief sought by Plaintiffs is barred by Plaintiff's own breach of the contract between Copier and Plaintiffs or other conduct, to the extent that any agreement existed.

<u>Sixth Affirmative Defense</u>

The relief sought by Plaintiffs against Defendant Copier is barred by lack of jurisdiction.

<u>Seventh Affirmative Defense</u>

The relief sought by Plaintiffs against Defendant Copier is barred by the improper venue of this action.

<u>Eighth Affirmative Defense</u>

The relief sought by Plaintiffs against Defendant Copier is barred by the Doctrines of Waiver and Estoppel.

<u>Ninth Affirmative Defense</u>

The relief sought by Plaintiffs against Defendant Copier is barred by the Doctrine of Unclean Hands.

<u>Tenth Affirmative Defense</u>

If the Plaintiff sustained the damages alleged, which fact these defendants expressly deny, then such damages were caused, in whole or in part, by Plaintiff's failure to mitigate damages.

<u>Eleventh Affirmative Defense</u>

The Defendant demands that any award to Plaintiff be reduced by amounts that have been or will be reimbursed from collateral sources.

<u>Twelfth Affirmative Defense</u>

If Plaintiff sustained any damages, then said damages were caused in whole or in part by their own culpable conduct, including but not limited to negligence, assumption of the risk, and breach of contract, and the amount of damages otherwise recoverable in this action should be reduced and diminished correspondingly.

<u>Thirteenth Affirmative Defense</u>

To the extent that Plaintiff is able to prove the allegations with respect to any claim, injury, and damages, all of which Defendant denies, any such injuries and/or damages

to Plaintiff were solely the result of intervening, interceding, and/or superseding actions of third parties over whom Defendant had no control or right of control.

### Fourteenth Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the doctrines of laches.

### Fifteenth Affirmative Defense

The relief sought by Plaintiff against Defendant is barred by the doctrine of Good Faith and Fair Dealing.

### Sixteenth Affirmative Defense

The relief sought by plaintiff against defendant is barred due to a failure of consideration.

### Seventeenth Affirmative Defense

The Defendant refers to, alleges and adopts such other defenses as may have been raised by any of the other Defendants to this proceeding.


     **WHEREFORE**, Answering Defendant respectfully request this Court to enter judgment dismissing Plaintiffs' Amended Complaint together with interest, attorneys' fees, cost of suit and any other relief this Court deems equitable and just.


        Respectfully submitted,

        **DEHAY & ELLISTON, LLP**

        */s/ R. Thomas Radcliffe, Jr.*
        R. Thomas Radcliffe, Jr. (Bar #4523)
        DeHay & Elliston LLP
        36 South Charles Street, Ste 1300
        Baltimore, Maryland  21201
        410-783-7225 (phone)
        410-783-7221 (facsimile)
        rtr@dehay.com

        *Attorneys for Copier Country New York,LLC*

## DEMAND FOR JURY TRIAL

Copier Country New York, LLC hereby demands a jury trial.

>    */s/ R. Thomas Radcliffe, Jr.*
>    R. Thomas Radcliffe, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document was served upon the attorneys of record by electronically filing the document with the Clerk of Court using the CM/ECF system, which caused a Notice of Electronic Filing (NEF) to be sent to the following on November 5, 2009:

CROWELL & MORING LLP
Shari Ross Lahlou, Bar No. 16570 (slahlou@crowell.com)
William J. Sauers, Bar No. 17355 (wsauers@crowell.com)
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004-2595
*Attorneys for Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc.*

>    Respectfully submitted,
>
>    **DEHAY & ELLISTON, LLP**
>
>    */s /R. Thomas Radcliffe, Jr*
>    R. Thomas Radcliffe, Jr. (Bar #4523)

9